■ Sannon-Stamm Associates, Inc., Appellant, v Keefe, Bruyette & Woods, Inc., Respondent. [947 NYS2d 466]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 12, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiff Sannon-Stamm

Associates, Inc.'s (SSAI) motion for partial summary judgment on its first cause of action for breach of contract, and granted that branch of defendant's motion for summary judgment as sought dismissal of the first cause of action, unanimously affirmed, without costs.

Contrary to SSAI's contention, its March 15, 2007 e-mail to defendant financial services firm, proposing fee-payment terms for its executive recruitment services, was not sufficiently definite in its material terms to be binding. Moreover, assent by defendant to such terms was not established in the record (see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]). The March 15, 2007 e-mail expressly acknowledged that the material terms of the referral arrangement had not yet been discussed, and defendant's principal, on the same date, responded to the e-mail, ''[L]ets discuss next week.'' The terms were not further discussed during the interview and hiring process of one of the prospective candidates. Defendant's conduct, viewed in the light of its principal's expressed wish to further discuss the referral fee terms, afforded no basis to conclude that its assent to the e-mail's proposed referral fee terms was obtained (cf. John William Costello Assoc. v Standard Metals Corp., 99 AD2d 227 [1984], appeal dismissed 62 NY2d 942 [1984]). In such scenario, SSAI, which aggressively initiated the referral process in the first place, knowingly undertook a risk to provide such services prior to obtaining a formal agreement between the two parties. Indeed, the lack of clarity regarding the method of calculating the alleged referral fee due was evident in that SSAI sought significantly disparate fees, from those sought here, in an earlier action commenced in Civil Court predicated upon the same transaction. Furthermore, the motion court properly found that SSAI's attempt to rely upon a ''prior dealings'' theory to argue that defendant purportedly assented to the fee terms in the March 15, 2007 e-mail is unavailing, given the lack of proof of any prior dealings between the instant parties. Concur— Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.